# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
### CIVIL ACTION NO. 5:19-CR-00012-KDB-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| **Plaintiff,** | |
| **v.** | |
| **TEVIN JEROME GAITHER,** | **ORDER** |
| **Defendant.** | |
| | |
| **IN RE: PETITION OF ANTOINE TYLER.** | |

**THIS MATTER** is before the Court on the Government's Motion to Dismiss the Petition of Antoine Tyler. (Doc. No. 45). The Government requests that the Court dismiss the Petition of Antoine Tyler, (Doc. No. 33), pursuant to Federal Rule of Criminal Procedure 32.2 and Federal Rule of Civil Procedure 37 for discovery non-compliance. On March 27, 2020, the Court issued a Roseboro Order requiring Tyler to respond to the Government's motion to dismiss by April 13, 2020. (Doc. No. 46). The order warned Tyler that if he did not comply within the specified time, his Petition may be dismissed. The April 13 deadline has come and gone, and Tyler has failed to respond. For the reasons stated herein, this Court will grant the Government's Motion and dismiss Tyler's Petition.

## I.    BACKGROUND

The Government's motion arises in the context of a forfeiture ancillary proceeding to determine ownership claims as to a Glock pistol seized from Defendant Tevin Jerome Gaither during a criminal investigation. On July 22, 2019, this Court issued a Consent Order and Judgment

1

of Forfeiture for firearms and currency that the Government seized during the investigation of Defendant Gaither, including a Glock 41, .45 caliber pistol, serial number YEV520. (Doc. No. 23). On August 20, 2019, Tyler filed a petition alleging that he was the owner of the Glock and that it was stolen from him. (Doc. No. 33). The Government claims it has reason to believe, based on information developed during the criminal investigation, that Tyler is engaged in a pattern and practice of trading firearms for cocaine. (Doc. No. 45, at 1) (claiming that in 2019 alone, ATF trace reports revealed that four guns seized from three separate criminal defendants were originally purchased by Tyler and then purportedly "stolen"). Based on this information, the Government filed a motion to conduct discovery regarding Tyler's Petition. (Doc. No. 39). On October 29, 2019, the Court granted the Government's motion and allowed a 90-day discovery period to be conducted pursuant to the Federal Rules of Civil Procedure.

After multiple telephone conferences attempting to set a deposition date for Tyler, the Government noticed his deposition for January 9, 2020 via email and certified regular mail. (Doc. No. 45, at 7-11). On December 26, 2019, Tyler indicated by telephone to the Government that he would not appear for the deposition and expressed his desire to withdraw his Petition. The Government sent Tyler a standard form Notice of Withdrawal of Claim and Consent to Forfeiture along with a self-addressed, pre-paid return envelope. (Doc. No. 45, at 12-14). Tyler never returned any signed written withdrawal of his claim nor did he appear at his deposition. (Doc. No. 45, at 14). The discovery period closed on January 27, 2020.

The Government filed the present motion seeking to dismiss Tyler's petition on February 7, 2020. (Doc. No. 45). Because Tyler is proceeding *pro se*, the Court issued a Roseboro Order informing Tyler of his right to respond to the Government's motion and that failure to respond by

April 13, 2020 may result in the dismissal of his Petition. (Doc. No. 46). Tyler failed to respond in the time allotted.

## II.    LEGAL STANDARD

A person asserting a legal interest in property forfeited to the United States in a criminal case may petition a court for a hearing to determine the validity of the alleged interest within 30 days of receiving the notice of forfeiture. 21 U.S.C. § 853(n)(2). Such petition must be signed under penalty of perjury and state the nature and extent of the property interest, the time and circumstances of the acquisition of the interest, and any additional facts supporting the claim. *Id.* at § 853(n)(3). A claimant has the burden of proving, by a preponderance of the evidence, that he has a right, title, or interest in the property. *See id.* at § 853(n)(6). This Court has discretion to dismiss a petition such as Tyler's in a forfeiture ancillary proceeding for a variety of reasons, including for failure to prosecute and as a sanction for discovery non-compliance. *See* Fed. R. Crim. P. 32.2(c)(1)(A) ("In the ancillary proceeding, the court may, on motion, dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason.").

As the Supreme Court has recognized, a court has the "inherent power" to dismiss an action for want of prosecution. *See Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962); *see also Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019). "Although Rule 41(b) of the Federal Rules of Civil Procedure provides an 'explicit basis for this sanction,' it is not the source of that inherent power. Rather, that judicial power derives from 'the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Attkisson*, 925 F.3d at 625 (internal citations omitted). As provided by Rule 41(b), such involuntary dismissals are appropriate when "the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b).

That said, recognizing the severity of dismissal as a sanction, courts must consider four factors before dismissing for failure to prosecute: "(1) the [claimant]'s degree of personal responsibility; (2) the amount of prejudice caused the [respondent]; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Hillig v. Commissioner*, 916 F.2d 171, 174 (4th Cir. 1990).

Additionally, the Federal Rules of Civil Procedure apply to discovery during the ancillary period. *See* Fed. R. Crim. P. 32.2(c)(1)(B) ("[T]he court may permit the parties to conduct discovery in accordance with the Federal Rules of Civil Procedure if the court determined that discovery is necessary or desirable to resolve factual issues."); *see also United States v. Corpus*, 491 F.3d 205, 208 (5th Cir. 2007). The advisory committee's note to subdivision (c) to Rule 32.2 state that where the Federal Rules of Civil Procedure are applicable, prevailing case law on the issue applies.

The Federal Rules of Civil Procedure provide for sanctions when a party fails to comply with court-ordered discovery. District courts have the authority to dismiss cases under Federal Rule of Civil Procedure 37(b)(2)(A) when a party fails to comply with a discovery order as part of the courts' "comprehensive arsenal of Federal Rules and statutes to protect themselves from abuse." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 62 (1991). Likewise, Rule 37(d) provides that the Court may order sanctions, including dismissal, if "a party . . . fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(3).

Because dismissal is a harsh sanction, before ordering dismissal under Rule 37(b) or (d), a court must apply a four-factor test. "Specifically, the court must determine (1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether

4

less drastic sanctions would have been effective." *Belk v. Charlotte Mecklenburg Bd. of Educ.*, 269 F.3d 305, 348 (4th Cir. 2001).

## III. DISCUSSION

Tyler's abandonment of his petition is evidenced by his failure to respond to the Government's discovery requests, his indication to the Government that he wished to withdraw his petition, and his failure to respond to this Court's order of March 27, 2020. By filing a petition, it is Tyler's responsibility to prove by a preponderance of the evidence that he has a right to the property in dispute. This Court entered its discovery order on October 29, 2019, and Tyler thereafter failed to respond to the Government's discovery requests or explain why he has not done so. Tyler then ignored this Court's order of March 27, 2020 ordering him to respond to the Government's motion to dismiss. Tyler's unexplained conduct and silence indicates his personal responsibility and establishes a history of dilatory conduct.

Tyler's failure to act has prejudiced the Government. The Government is not required to simply accept Tyler's word that he is the lawful owner of the pistol, but rather it must exercise proper due diligence in returning a firearm used in a crime. Tyler's failure to comply and prosecute his claim prevents the Government from exercising its due diligence and from completing the ancillary proceeding. *See United States v. Nicolo*, 597 F. Supp. 2d 342, 346 (W.D.N.Y. 2009) (explaining that the preliminary order becomes final as to the defendant at sentencing, and then final as to third parties at the conclusion of the ancillary proceeding). Given Tyler's failure to respond to any communication from the Government or the Court, a less drastic sanction would not be effective.

The Court may also dismiss Tyler's Petition for his discovery non-compliance. Tyler's non-compliance with the Court's order allowing discovery into his Petition supports a finding of bad faith. Tyler refused to appear for a deposition and failed to respond to the Government's Notice of

5

Withdrawal of Claim and Consent to Forfeiture even after he expressed a desire to withdraw his petition. *See Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 93 (4th Cir. 1989) (upholding the district court's finding of bad faith based on non-compliance and haphazard compliance with discovery orders); *Green v. John Chatillion & Sons*, 188 F.R.D. 422, 424 (M.D.N.C. 1998) ("Noncompliance with discovery orders can serve as a basis for a finding of bad faith."). Further, failure to comply with court orders and refusal to participate in the discovery process is conduct that needs to be deterred. There is also a need to deter unsubstantiated petitions in forfeiture ancillary proceedings. As explained above, the Government is prejudiced by Tyler's failure to comply with its discovery request and no less drastic sanction would be effective. *See United States v. $35,057.00 in U.S. Currency*, No. TJS-12-2675, 2015 WL 1284635, at *2 (D. Md. Mar. 20, 2015) ("Fourth, because Mr. Seidi will not make himself available for the government's deposition, there is no sanction short of striking Mr. Seidi's claim that would be effective to address the interest at stake."). Accordingly, the Court will grant the Government's Motion and dismiss Tyler's petition for failure to prosecute and discovery non-compliance.

## IV.    ORDER

    **IT IS THEREFORE ORDERED** that the Government's Motion to Dismiss the Petition of Antoine Tyler, (Doc. No. 45), is **GRANTED.** The Petition of Antoine Tyler, (Doc. No. 33), is hereby **DISMISSED.**

Signed: April 28, 2020

Kenneth D. Bell
United States District Judge