UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:20-cv-00125-KDB
(5:19-cr-00012-KDB-DSC-1)

| | |
|---|---|
| **TEVIN JEROME GAITHER,** )<br>)<br>**Petitioner,** )<br>)<br>vs. )<br>)<br>**UNITED STATES OF AMERICA,** )<br>)<br>**Respondent.** )<br>) | **ORDER** |

**THIS MATTER** is before the Court on initial screening of Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [CV Doc. 1].[1]

**I.    BACKGROUND**

On February 19, 2019, Pro Se Petitioner Tevin Jerome Gaither ("Petitioner") was charged in a Bill of Indictment with one count of conspiracy to distribute and to possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count One); one count of aiding and abetting the possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and 18 U.S.C. § 2 (Count Two); four counts of distribution and possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Counts Three, Four, Six, and Seven); three counts of possession of a firearm in furtherance of a drug trafficking conspiracy in violation of 18 U.S.C. § 924(c) (Counts Five, Nine,

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 5:20-cv-00125-KDB, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 5:19-cr-00012-KDB-DSC-1.

and Eleven); and two counts of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C) (Counts Eight and Ten). [CR Doc. 3: Bill of Indictment].

Petitioner agreed to plead guilty to Counts One, Ten, and Eleven, and admitted to in fact being guilty of these charges, and the Government agreed to dismiss the remaining charges in the Indictment. [CR Doc. 12 at 1: Plea Agreement]. Petitioner also stipulated that there was a factual basis for his guilty plea to these charges and that he had read, understood, and agreed with the factual basis that was filed with the plea agreement. [Id. at 4]. He also stipulated that the factual basis "may be used by the Court, the United States Probation Office, and the United States without objection by [Petitioner] for any purpose, including to determine the applicable guideline range or the appropriate sentence under 18 U.S.C. § 3553(a). [Id.]. The factual basis set forth, among other things, facts supporting Count Eleven of the Indictment, that is, that Petitioner possessed one or more firearms in furtherance of a drug trafficking crime. [CR Doc. 13 at 2: Factual Basis].

Petitioner pleaded guilty in accordance with the plea agreement. [CR Doc. 21: Acceptance and Entry of Guilty Plea]. A United States Magistrate Judge accepted Petitioner's guilty plea after conducting a thorough plea colloquy, during which Petitioner was represented by counsel. [See id.]. Under oath, Petitioner told the Court that he received a copy of the indictment and discussed it with his attorney. [Id. at ¶ 8]. The Court then explained the charges and the maximum penalties and mandatory minimum sentences for those charges. [Id.]. Petitioner then told the Court that he fully understood the charges against him, including any maximum or minimum penalties he faced. [Id. at ¶ 9]. The Petitioner further attested that he had spoken with his attorney regarding how the U.S. Sentencing Guidelines might apply to his case and that, in some circumstances, Petitioner may receive a sentence higher or lower than that called for in the Guidelines. [Id. at ¶¶ 13, 15]. The Petitioner also attested that he understood that the District Judge could not determine the

2

applicable Guidelines range until after Petitioner's Presentence Investigation Report was prepared. [Id. at ¶ 14]. The Petitioner also told the Court that he understood that if his sentence is more severe than Petitioner expected, the Petitioner will still be bound by his plea and would have no right to withdraw it. [Id. at ¶ 17]. The Petitioner stated, under oath, that he is in fact guilty of the counts in the Bill of Indictment to which he was pleading guilty. [Id. at ¶ 24].

After the terms of the plea agreement were summarized, Petitioner told the Court that he was aware that a factual basis had been filed in his case and that he had read it, understood it, and agreed with it. [Id. at ¶¶ 25, 30-1]. Petitioner stated that no one had threatened, intimidated, or forced him to enter his plea of guilty. [Id. at ¶ 32]. Petitioner also statement that, other than the terms of his plea agreement, no one made him promises of leniency or a lighter sentence to induce him to plead guilty. [Id. at ¶ 33]. Finally, Petitioner told the Court that he was "satisfied with the services of [his] lawyer in this case." [Id. at ¶ 35].

Prior to Petitioner's sentencing hearing, a probation officer prepared a Presentence Investigation Report (PSR). [CR Doc. 37]. The probation officer recommended a Total Offense Level (TOL) of 25 and a Criminal History Category of II. [Id. at ¶¶ 63, 79]. The Criminal History computation included one point for Petitioner's prior 2016 conviction for Driving While Impaired (DWI) in Catawba County and two points because Petitioner committed the instant offenses while under a criminal justice sentence for the DWI conviction, for a total criminal history score of three, which established a Criminal History Category of II. [Id. at ¶¶ 77-79]. Based on a TOL of 25 and a Criminal History Category of II, the probation officer recommended a guideline range of imprisonment of 63 to 78 months,[2] followed by the mandatory consecutive sentence of 60 months

---

[2] A Criminal History Category of I, with a TOL of 25, would have yielded a guidelines range of 57 to 71 months.

3

on Count Eleven. [Id. at ¶¶ 130-1]. Petitioner's attorney filed extensive objections to the PSR. [See Doc. 36: Objections to PSR].

At Petitioner's sentencing hearing on October 22, 2019, the Court affirmed the Magistrate Judge's findings and acceptance of the Petitioner's guilty plea. [See CR October 22, 2019 docket entry]. Judgment on Petitioner's conviction was entered on October 23, 2019. [CR Doc. 40: Judgment]. The Court sentenced Petitioner to a term of imprisonment of 63 months on Counts One and Ten, to run concurrently, and a consecutive sentence of 60 months on Count Eleven, for a total term of imprisonment of 123 months. [Id. at 2].

On August 12, 2020, Petitioner filed the pending Section 2255 motion to vacate. [CV Doc. 1]. In his Section 2255 motion, Petitioner claims his counsel was ineffective because "Petitioner was not in possession of a firearm and drugs simultaneously, but plea was entered to possession of a firearm in furtherance of a drug trafficking crime." [Id. at 4]. Petitioner also claims his counsel was ineffective because she "failed to correct a dismissed DUI charge on [Petitioner's] criminal history which resulted in a longer sentence." [Id.].

## II.  STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After conducting an initial screening and examining the record in this matter, the Court finds that the Petitioner has not asserted a colorable claim for relief cognizable under § 2255(a) and the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.     DISCUSSION

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. CONST. amend. VI. To show ineffective assistance of counsel, Petitioner must first establish a deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In making this determination, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010). Furthermore, in considering the prejudice prong of the analysis, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

To establish prejudice in the context of a guilty plea, a petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Meyer v. Branker, 506 F.3d 358, 369 (4th Cir. 2007) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). Further, a petitioner must show that proceeding to trial would have been objectively reasonable. See United States v. Fugit, 703 F.3d 248, 260 (4th Cir. 2012). In evaluating such a claim, statements made by a defendant under oath at the plea hearing carry a "strong presumption of verity" and present a "formidable barrier" to subsequent collateral

5

Case 5:19-cr-00012-KDB-DSC   Document 52   Filed 10/08/20   Page 5 of 8

attacks. Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Indeed, "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should dismiss . . . any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005).

When a defendant pleads guilty, he waives all nonjurisdictional defects in the proceedings conducted prior to entry of the plea. United States v. Moussaoui, 591 F.3d 263, 279 (4th Cir. 2010). Thus, a knowing and voluntary guilty plea "forecloses federal collateral review" of prior constitutional deprivations, including allegations of ineffective assistance of counsel that do not affect the voluntariness of the plea. See Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1294-96 (4th Cir. 1992); accord United States v. Torres, 129 F.3d 710, 715 (2d Cir. 1997); Wilson v. United States, 962 F.2d 996, 997 (11th Cir. 1992); Smith v. Estelle, 711 F.2d 677, 682 (5th Cir. 1983). A guilty plea is valid when it "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." Burket v. Angelone, 208 F.3d 172, 190 (4th Cir. 2000) (citing North Carolina v. Alford, 400 U.S. 25, 31 (1970)).

Petitioner contends his attorney was ineffective because, essentially, Petitioner is not guilty of the conduct to which he pleaded guilty, that is, that he "was not in possession of a firearm and drugs simultaneously." [CV Doc. 1 at 4]. There is no merit in Petitioner's claim. It is inapposite that there is no requirement that a defendant possess the firearm and the drugs "simultaneously" to charge or sustain a conviction under 18 U.S.C. § 924(c). As such, the premise underlying Petitioner's argument renders it null at the outset. Second, Petitioner's claim is belied by Petitioner's sworn representations during the plea proceedings that he understood the charges; that he was not threatened, intimidated, or forced to plead guilty; that he was in fact guilty of the

6

offenses; and that he was satisfied with his attorney's performance. Petitioner has not alleged or shown extraordinary circumstances to overcome the sworn testimony that he gave during the plea hearing. See Lemaster, 403 F.3d at 221-22. Accordingly, his claim of ineffective assistance on this issue cannot be sustained.

Petitioner also claims that his counsel failed to "correct" what Petitioner claims is a dismissed "DUI charge" on his criminal history. This claim is subject to dismissal as vague and conclusory. See United States v. Dyess, 730 F.3d 354, 359-60 (4th Cir. 2013) (holding it was proper to dismiss § 2255 claims based on vague and conclusory allegations). Petitioner implies that his 2016 DWI charge was dismissed, yet he makes no factual showing that this is the case. Even if this charge had been dismissed and even if Petitioner's counsel promised Petitioner before he pleaded guilty that it would not be considered in computing Petitioner's Criminal History Category, Petitioner's sworn testimony at his Rule 11 hearing, again, undermines this claim. Petitioner testified that he understood that the District Judge could not determine the applicable Guidelines range until after the PSR was prepared; that if his sentence is more severe than Petitioner expected, Petitioner will still be bound by his plea and would have no right to withdraw it; and that, other than the terms of his plea agreement, no one made Petitioner promises of leniency or a lighter sentence to induce him to plead guilty. Again, Petitioner has not alleged or shown extraordinary circumstances to overcome this sworn testimony. See Lemaster, 403 F.3d at 221-22. He cannot now baldly claim that he received ineffective assistance of counsel on these grounds.

Additionally, Petitioner does not show that proceeding to trial would have been objectively reasonable, even if he had shown deficient performance on either of these grounds. See United States v. Fugit, 703 F.3d 248, 260 (4th Cir. 2012). In fact, proceeding to trial on an eleven-count

Indictment, rather than accepting the negotiated plea agreement, would have been objectively unreasonable. Thus, Petitioner's claims also fail because he has not adequately alleged or shown prejudice.

In sum, for the reasons stated herein, Petitioner cannot show deficient performance or prejudice. His ineffective assistance claims are, therefore, denied.

## IV. CONCLUSION

For the foregoing reasons, the Court denies and dismisses Petitioner's § 2255 petition.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1] is **DENIED** and **DISMISSED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: October 8, 2020

Kenneth D. Bell
United States District Judge