IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:19-CR-00012-KDB-DSC-1

| | | |
|---|---|---|
| USA | ) | |
| | ) | |
| v. | ) | <u>ORDER</u> |
| | ) | |
| TEVIN JEROME GAITHER | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant Tevin Jerome Gaither's motion for consideration of compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), the First Step Act of 2018. (Doc. No. 54). Having carefully reviewed the Defendant's motion and all other relevant portions of the record, the Court will deny the motion as Defendant has not met his burden to establish that a sentencing reduction is warranted under 18 U.S.C. § 3582(c).

In July 2019, Defendant pled guilty to conspiracy to distribute and possession with intent to distribute 28 grams or more of cocaine base and a quantity of cocaine, possession with intent to distribute cocaine and cocaine base, and possession of a firearm in furtherance of a drug trafficking crime. (Doc. No. 19). On October 22, 2019, he was sentenced to 63 months imprisonment plus 5 years of supervised release on the cocaine and cocaine base charges and 60 months imprisonment on the possession of a firearm charge to run consecutively to the drug charges for a total of 123 months imprisonment and 5 years of supervised release. (Doc. No. 40).

Defendant is a 33-year-old male serving his prison sentence at FCI Butner - Low in North Carolina. His current projected release date is November 22, 2027.

Defendant bases his motion on a lack of firearm possession, an invalid charge, an incorrect criminal history calculation, and his rehabilitation accomplishments.

By statute, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Nonetheless, Congress has provided a few exceptions to this general rule. One such exception is a motion for compassionate release. Before the passage of the First Step Act, district courts were only permitted to reduce a term of imprisonment on motions for compassionate release made by the Director of the Bureau of Prisons (BOP). Now, a court may entertain a motion filed by a defendant. The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, now provides in pertinent part:

(c) Modification of an imposed term of imprisonment.—The Court may not modify a term of imprisonment once it has been imposed except that—

(1) in any case—

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction
...
and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission ....

18 U.S.C. § 3582(c).

"In analyzing a motion for compassionate release, district courts must determine: (1) whether extraordinary and compelling reasons warrant such a reduction; and (2) that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582. Only after this analysis may the district court grant the motion if (3) the relevant 18 U.S.C. § 3553(a) factors, to the extent they are applicable, favor release." *United States v. Malone*, 57 F. 4th 167, 173 (4th Cir. 2023) (internal citation omitted) "Thus, even if a movant satisfies the threshold eligibility requirement for obtaining relief, a district court has discretion to grant or deny relief based on its assessment of the salient § 3553(a) factors." *United States v. Bethea*, 54 F. 4th 826, 831 (4th Cir. 2022).

On November 1, 2023, the Sentencing Commission's proposed amendment to § 1B1.13 came into effect. *See* Amendments to the Sentencing Guidelines, U.S.S.C., 8-11 https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202305_RF.pdf (last accessed Nov. 2, 2023). The new policy statement largely preserves the discretion district courts held to consider any extraordinary and compelling reason for release. *See* USSG § 1B1.13; *see United States v. McCoy*, 981 F. 3d 271, 282 (4th Cir. 2020). District courts are now advised to consider the medical circumstances of the defendant, the age of the defendant, family circumstances, whether the defendant is or has been a victim of abuse, or served an unusually long sentence. §§ 1B1.13(b)(1)-(4), (6). The new Guideline also states that district courts may consider any other set of circumstances which rises to the level of gravity of the factors enumerated in the Guideline. §1B1.13(b)(5). Relevant to Mr. Gaither's case, §

1B1.13(c) now states that "a change in the law … shall not be considered for purpose of determining whether an extraordinary and compelling reason exists under this policy statement."

The Sentencing Commission's new policy statement does not relieve the Court of its obligation to analyze the § 3553(a) factors. Those factors include "the nature and circumstances of the offense"; "the history and characteristics of the defendant"; "the need to avoid unwarranted sentence disparities"; and the need for the sentence to "provide just punishment," "afford adequate deterrence," "protect the public," and "provide the defendant with ... training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a).

Defendant's first two contentions are that he did not possess a firearm in furtherance of a drug trafficking crime and that he should not have been found guilty of conspiracy to distribute and possession with intent to distribute 28 grams or more of cocaine base and a quantity of cocaine. (Doc. No. 54 at 13, 15-17). A motion for compassionate release is not the avenue to make collateral attacks on one's sentence and conviction. "Appellant cannot challenge the validity of his convictions and sentence through a compassionate release motion." *United States v. Ferguson*, 55 F4th 262, 265 (4th Cir. 2022).

Defendant also argues that his criminal history was miscalculated in the Presentence Report by including a conviction which he claims was dismissed. (Doc. No. 54 at 17, 18). Defendant claims that a state driving while impaired conviction in 2016 (Defendant incorrectly stated 2019 in his motion) was later dismissed as well as

two counts of assault by pointing a gun that he was charged with in state court in 2018. *Id*. The Presentence Report did not miscalculate the criminal history at the time, but the Defendant is correct that convictions in the Report were later dismissed by the state (after his federal sentencing) due to him serving a federal sentence. *Id*.at 24, 25. With those charges dismissed, Defendant would still have an offense level of 25, a criminal history score of 1, for a criminal history category of I, with a corresponding guideline range of 57-71 months imprisonment. The Court finds that his original sentence of 63 months is within said guideline range and sees no reason to change it. This does not constitute an "extraordinary and compelling" reason warranting early release.

Finally, Defendant claims that he has worked long and hard at rehabilitation while incarcerated. *Id*. at 18. Defendant has obtained his GED and taken numerous classes while incarcerated. *Id*. at 34. Although commendable, his efforts at rehabilitation do not outweigh the other Section 3553(a) factors and the danger he poses to society. Defendant's offense conduct was serious, presenting a danger to the public by involving drugs and guns. The nature and circumstances of Defendant's offense, the Defendant's history and characteristics, the need for deterrence, the need to protect the public, and the need for just punishment also weigh against any sentence reduction for the Defendant.

The Court finds that none of Defendant's stated reasons, individually or in combination, constitute an extraordinary and compelling reason for a reduction in sentence.

**IT IS, THEREFORE, ORDERED**, that Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) and the First Step Act of 2018 (Doc. No. 54), is **DENIED.**

**SO ORDERED.**

Signed: November 15, 2023

Kenneth D. Bell
United States District Judge