# UNITED STATES DISTRICT COURT
### for the

_____Western_____ District of ___North Carolina___

United States of America

v.

Tevin Jerome Gaither

Date of Original Judgment: _____10/23/2019_____
Date of Previous Amended Judgment: _____
*(Use Date of Last Amended Judgment if Any)*

Case No: ___5:19-cr-12-KDB-SCR-1___

USM No: ___34757-058___

_____
*Defendant's Attorney*

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of  ☒ the defendant  ☐ the Director of the Bureau of Prisons  ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:

☐ DENIED.   ☒ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of ___63 months on Counts 1 and 10 and 60 months on Count 11 to run consecutively___ months **is reduced to** ___57 months on Count 10 and 60 months on Count 1 concurrent, and 60 months on Count 11 to run consecutively to Counts 1 and 10.___

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated ___10/23/2019___ shall remain in effect.
**IT IS SO ORDERED**.

Signed: July 11, 2024

*Kenneth D. Bell*
Kenneth D. Bell
United States District Judge

*Judge's signature*

Effective Date: _____
*(if different from order date)*

Kenneth D. Bell
*Printed name and title*

**This page contains information that should not be filed in court unless under seal.**
*(Not for Public Disclosure)*

DEFENDANT:  Tevin Jerome Gaither
CASE NUMBER:  5:19-cr-12-KDB-SCR-1
DISTRICT:  Western District of North Carolina

## I.  COURT DETERMINATION OF GUIDELINE RANGE *(Prior to Any Departures)*

Previous Total Offense Level: 25                    Amended Total Offense Level: 25
Criminal History Category:  II                    Criminal History Category:  I

Count 10
Previous Guideline Range:  63  to  78  months    Amended Guideline Range:  57  to  71  months

Count 1
Previous Guideline Range:  63  to  78  months    Amended Guideline Range:  60  to  71  months

## II.  SENTENCE RELATIVE TO THE AMENDED GUIDELINE RANGE

☒ The reduced sentence is within the amended guideline range.
☐ The previous term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing as a result of a substantial assistance departure or Rule 35 reduction, and the reduced sentence is comparably less than the amended guideline range.
☐ The reduced sentence is above the amended guideline range.

## III.  FACTORS CONSIDERED UNDER USSG § 1B1.10 AND 18 U.S.C. § 3553(a) *(See Chavez-Meza v. United States, 138 S.Ct. 1959 (2018))*

The Defendant had "status points" under U.S.S.G. §4A1.1 in Amendment 821. Defendant had 1 criminal history point before the addition of 2 status points. (Doc. No. 37, ¶¶ 77-78). With the removal of 2 status points (because he had 6 criminal history points or less), a criminal history point of 1 equals a criminal history category of I. With an Offense Level of 25 and a criminal history category I, the amended guideline range would be 57 to 71 months on Counts 1 and 10. However, Count 1 requires a mandatory minimum sentence of not less than 60 months. The 60 months on Count 11 is still to run consecutively to all other counts. There is no need for an appointment of counsel in this matter.