# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CRIMINAL ACTION NO. 5:19-CR-00012-KDB-SCR-1

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br><br> v. <br><br> **TEVIN JEROME GAITHER,** <br><br> **Defendant.** | **ORDER** |

**THIS MATTER** is before the Court on Defendant Tevin Jerome Gaiter's motion to amend his motion (Doc. No. 61) for consideration of Amendment 821. (Doc. Nos. 65 and 66). The Court notes that it has already granted Defendant's motion for application of Amendment 821 (Doc. No. 63) but will nevertheless address the points Defendant raises in his amended motion. Having carefully reviewed the Defendant's motion and all other relevant portions of the record, the Court will deny the motions.

Defendant references a letter from the Probation Office yet fails to attach said letter. Thus, the Court cannot address Defendant's concern.

Defendant also claims that he is eligible for the "safety valve" under U.S.S.G. §2D1.1(b)(18) which would take two levels off his base offense level if he meets U.S.S.G. §5C1.2. However, he is ineligible under U.S.S.G. §5C1.2(a)(2) as Defendant possessed a firearm in furtherance of a drug trafficking crime to which he pled guilty in his plea agreement. (Doc. No. 19). Furthermore, a motion under Amendment 821 is not the avenue to raise an issue regarding the "safety valve".

Finally, Defendant's characterization of a memorandum from Attorney General Garland regarding the treatment of a crack cocaine charge involved with another charge should be served concurrently is incorrect as the charge of possession of a firearm in furtherance of a drug trafficking crime is to be served consecutively to the other charges.

**IT IS, THEREFORE, ORDERED**, that Defendant's motions for amending his motion regarding Amendment 821 (Doc. Nos. 65 and 66), are **DENIED.**

**SO ORDERED.**

Signed: August 8, 2024

Kenneth D. Bell
United States District Judge